Derbigny, J.
delivered the opinion of the court. Michael Hooter, the plaintiff and appellee in this case, claims a tract of land, of which the defendant and appellant, Stephen Tippet is in possession. He must therefore show that the title to the land is in himself, before he can sue the possessor.
It appears that both parties have obtained, from the commissioners of the land office, a relinquishment of the rights of the U. S. on the land, so that, agreably to the decision of this court in the case of King vs. Martin, their previous titles, if they had any, should be weighed independently of these relinquishments. 5 Martin, 197.
The only voucher, which the plaintiff exhibits, *638 is a petition or requête, in which he appears to have applied for the land in dispute in the year 1801, to the intendant of the province of Louisiana. At the foot of that petition is a certificate of the commandant of Rapides, attesting that the applicant is the son of an ancient inhabitant of that post, and that the certificate of the surveyor is written with his own hand. But no order of survey, no decree of any kind is given by the intendant or his representative. The application stands unanswered. Now, supposing the parties to be in the situation in which they were before the relinquishment of the rights of the U. S., would the plaintiff be able to eject the possessor of the land with such a paper, a paper which is the act of the party alone, and bears not the slightest intimation of the grantor’s pleasure ?
West’n District.
August, 1820.
But the plaintiff has obtained a relinquishment of the claim of the U. S. in his favour. And so has the defendant long before him. Without examining whether the defendant had any better title to the land than the plaintiff, we will consider both as equally unaided by any inchoate title, at the time of their application to the board of commissioners ; and the situation of the parties will stand thus : either both the certificates are of equal dignity, and then the possessor’s condition is the best ; or the first in *639 date must prevail, and then the defendant’s title is superior to the other. In both these points of view, we see no reason why the defendant should be disturbed.
Baldwin for the plaintiff, Wilson for the defendant.
The objection that the certificate obtained by the defendant, from the commissioners of the land office, inures to the heirs of Jacob Hooter, because it was granted to the defendant, as purchaser of Jacob Hooter’s rights, while that pretended purchase was illegal, cannot avail the plaintiff. Whether he holds legally or not under Jacob Hooter, is not here in question. It is enough for him to show that there exists a title superior to that of the person who attempts to dispossess him.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed ; and that judgment be entered for the defendant with costs.